# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAJUL RUHBAYAN,

    Petitioner,

v.

RICARDO MARTINEZ,

    Respondent.

NO. 3:09-CV-1936

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Petitioner Rajul Ruhbayan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) For the reasons stated below, the Petition will be dismissed pursuant to 28 U.S.C. § 2244(b), as the Petitioner raised the same issues in a prior habeas petition, and otherwise fails to meet the requirements under § 2244(b)(3).

Section 2244 imposes three requirements on second or successive habeas petitions. First, any claim adjudicated in a previous petition must be dismissed. 28 U.S.C. § 2244(b)(1). With very narrow exceptions, federal habeas limits a prisoner to only one petition challenging his conviction or sentence. *Mayle v. Felix*, 545 U.S. 644 (2005); *see also* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). Second, any claim that has not previously been adjudicated must be dismissed unless it relies on a new and retroactive rule of constitutional law, or new facts would show by clear and convincing evidence that the petitioner was innocent. 28 U.S.C. § 2244(b)(2). Finally, before a district court may accept a second or successive application, the petitioner must move in the appropriate court of appeals for an order

authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

On August 25, 2009, the Petitioner filed a motion for a writ of habeas corpus with this Court. *Ruhbayan v. Martinez*, 2009 U.S. Dist. LEXIS 79251, No. 09-cv-1638 (M.D. Pa. Sept. 2, 2009.) This Court dismissed that petition on September 2, 2009. *Id.* at *5. In that original petition, Petitioner requested relief due to want of authority to confine him, double jeopardy under the Fifth Amendment, and that there were Eighth and Thirteenth Amendment violations. (Doc. 1 at 6.) Petitioner filed the present motion for a writ of habeas corpus on October 7, 2009. (Doc. 1.) In the present motion, the Petitioner again requests relief alleging that there were double jeopardy violations during his re-sentencing, and that he is being confined without any authority. Therefore, Petitioner is bringing the present petition on the same grounds as the prior one, and the present motion must be dismissed under 28 U.S.C. § 2244(b)(1).

To the extent the Petitioner arguments with respect to the Sixth Amendment were not previously raised, the Petitioner has also not satisfied the requirements of Section 2244(b)(3). Specifically, before accepting this second application, the petitioner must first move in the appropriate court of appeals for an order authorizing consideration of the application. The present petition for Writ of Habeas Corpus will be denied.

An appropriate order follows.

NOW, this 7th day of December, 2009, **IT IS HEREBY ORDERED** that:

(1)  Plaintiff's Motion for a Writ of Habeas Corpus is **DENIED** with prejudice.

(2)  The Clerk of the Court shall mark this matter **CLOSED**.

A. Richard Caputo
United States District Judge